**Joseph M. MARBLY, Plaintiff–Appellant,**

v.

**BALLY'S TOTAL FITNESS CORPORATION, et al., Defendants–Appellees.**

No. 03–1021.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Joseph M. Marbly, pro se, Detroit, MI, for Plaintiff–Appellant.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

### ORDER

Joseph M. Marbly appeals a district court order that denied his petition for leave to file his civil rights complaint in which he sought to assert a civil rights claim arising from the termination of his membership with the defendant fitness center. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Marbly has filed numerous federal civil rights actions in which he has alleged that various defendants have harassed him. On April 25, 2000, the district court enjoined plaintiff from filing any further lawsuits without leave of court, and this court affirmed the district court's injunctive order on appeal. *Marbly v. Kay*, No. 00–1530, 2000 WL 1827783 (6th Cir. Dec.8, 2000). Despite the injunction, plaintiff has unsuccessfully attempted to file many more similar lawsuits.

The district court denied two prior petitions for leave to file similar civil rights actions against the same defendants named herein. Nonetheless, plaintiff filed the instant petition for leave to file yet another lawsuit alleging that his fitness center membership was terminated because of his race and sex. The district court denied the petition, and plaintiff filed a timely notice of appeal. This court subsequently denied plaintiff pauper status, and plaintiff has paid the appellate filing fee. In his brief on appeal, plaintiff contends that the district court erred in denying his petition for leave to file his complaint because he set out a cognizable claim.

Upon consideration, we affirm the order for the reasons stated by the district court. As noted by the district court, plaintiff's claims are similar to claims he asserted in two prior petitions for leave to file other civil rights actions. Moreover, plaintiff's complaint does not state a claim upon which relief can be granted because plaintiff's allegations are conclusory and do not reflect that any defendant acted in a manner that could give rise to a cognizable cause of action. *See Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987). On the contrary, plaintiff's allegations reflect that his membership was terminated following a dispute over plaintiff's behavior at the fitness center. Accordingly, the district court properly denied plaintiff's petition for leave to file his complaint.

Under these circumstances, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.